1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

MICHAEL SALVO, an individual,

                                        Plaintiff,

        v.

CITY OF SEATTLE, a municipal corporation,

                                        Defendant.

No. 2:25-CV-01274

**DEFENDANT'S NOTICE OF
REMOVAL TO FEDERAL COURT**

**[CLERK'S ACTION REQUIRED]**

*[King County Superior Court Case No.
25-2-16727-5 SEA]*

        TO:        The Clerk of the Court, United States District Court for the Western

                District of Washington

        AND TO:    Plaintiff Michael Salvo

        PLEASE TAKE NOTICE that the City of Seattle ("City"), by and through its

undersigned counsel, hereby removes Case No. 25-2-16727-5 SEA, filed in the Superior Court

for the State of Washington for the County of King, to the United States District Court for the

Western District of Washington (Seattle Division), pursuant to 28 U.S.C. §§ 1331, 1367, 1441,

and 1446.  In support of this removal, the City states as follows:

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE:  +1 206 623 7580
FACSIMILE: +1 206 623 7022

# I.    STATE COURT ACTION

1.    On or around June 4, 2025, Plaintiff Michael Salvo ("Plaintiff") filed a Summons and Complaint captioned *Michael Salvo v. The City of Seattle, Washington*, in the Superior Court of the State of Washington for the County of King (the "State Court Action").  *See* **Exhibit A**.

2.    On June 8, 2025, the City was first served with the Summons and Complaint in the State Court Action.

3.    In the Complaint, Plaintiff asserts causes of action for the following: (1) state law claims for age discrimination and retaliation under the Washington Law Against Discrimination ("WLAD") (Compl. ¶¶ 26-38); and (2) federal claims for age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), codified in 29 U.S.C. § 621 *et seq.*, and violations of his First Amendment rights under the U.S. Constitution pursuant to 42 U.S.C. § 1983 (Compl. ¶¶ 20-31).

# II.    FEDERAL QUESTION JURISDICTION

4.    The State Court Action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331 (federal question).  The State Court Action may be removed to this Court by the City pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) in that it involves claims or rights arising under the laws of the United States, specifically 29 U.S.C. § 621 *et seq.*, and 42 U.S.C. § 1983.

5.    Plaintiff claims that while enrolled at the Washington State Basic Law Enforcement Academy ("BLEA"), he was subjected to age discrimination and retaliation for reporting age discrimination, safety violations, and other misconduct.  (Compl. ¶¶ 12-19).  Plaintiff asserts this discrimination and retaliation was in violation of the WLAD, the ADEA, and the U.S. Constitution.  (Compl. ¶¶ 20-38).

6.    This Court has subject matter jurisdiction where an action "arise[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To determine whether an action arises under federal law, courts apply the "well-pleaded complaint" rule, which states that

DEFENDANT'S NOTICE OF REMOVAL
CASE NO. 2:25-CV-01274  - 2

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  a claim arises under federal law where "a federal question is presented on the face of the

2  plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998);

3  *Caterpillar Inc. v. Williams*, 382 U.S. 386, 392 (1987).

4         7.      Here, the State Court Action arises under the laws of the United States because

5  Plaintiff asserts claims for violations of the U.S. Constitution and the ADEA.

6  **III.    SUPPLEMENTAL JURISDICTION**

7         8.      If any claim satisfies the requirement for removal on federal-question grounds,

8  then any other purely state law claims in the same complaint may also be determined by the

9  federal court under its supplemental jurisdiction. 28 U.S.C. § 1441(c); *see Espinoza v. City of*

10 *Seattle*, No. C17-1709JLR, 2019 WL 5079950, at \*3 (W.D. Wash. Oct. 9, 2019) (holding that

11 the court had supplemental jurisdiction over plaintiff's WLAD claim because it had original

12 jurisdiction over six federal discrimination claims also alleged). Here, because Plaintiff's claims

13 for discrimination under the ADEA and retaliation under the U.S. Constitution satisfy the

14 requirements for federal question jurisdiction, this Court has supplemental jurisdiction over

15 Plaintiff's causes of action for discrimination and retaliation under the WLAD.

16        9.      The Court has supplemental jurisdiction over "all other claims that are so related

17 to claims in the action within such original jurisdiction that they form part of the same case or

18 controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. The facts

19 alleged in support of Plaintiff's ADEA and Section 1983 claims arise from the same nucleus of

20 facts as those alleged in support of Plaintiff's WLAD claim, namely that Plaintiff was

21 discriminated against because of his age while attending the BLEA and retaliated against for

22 raising various concerns related to treatment of cadets at that academy. *See* Compl. ¶¶ 20-38.

23 Thus, this Court has supplemental jurisdiction over both state law claims. *See United Mine*

24 *Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (holding where federal and state claims

25 derive from a "common nucleus of operative fact," courts may exercise supplemental jurisdiction

26 over the state claims as well).

DEFENDANT'S NOTICE OF REMOVAL
CASE NO. 2:25-CV-01274 - 3

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON 98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1

2                          **IV.    PROCEDURAL REQUIREMENTS**

3          10.    <u>Removal is timely</u>.  Pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal

4    Rules of Civil Procedure, this Notice of Removal is timely because it is filed within thirty days

5    of the City first being served with the Complaint.

6          11.    <u>Removal to this Court is proper</u>.  Removal is properly made to the United States

7    District Court for the Western District of Washington under 28 U.S.C. § 1441(a), because the

8    Superior Court of the State of Washington, King County, where the State Court Action is

9    currently pending, is within the Western District of Washington.  Venue is thus proper in this

10   district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 128.

11         12.    <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See*

12   28 U.S.C. § 1446(a).

13         13.    <u>Pleadings and Process</u>.  A true and correct copy of the Complaint, served on the

14   City in the State Court Action, is attached hereto as **Exhibit A**.  *See* 28 U.S.C. § 1446(a) and

15   Local Civil Rule 101(b).

16         14.    <u>Complete Record of State Court Action</u>.  A copy of the complete record of the

17   State Court Action is attached to the Verification of State Court Records, which is being filed

18   concurrently with this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule

19   101(c).

20         15.    <u>Notice</u>.  The City will promptly serve Plaintiff, and file with this Court, its Notice

21   to Plaintiff of Removal to Federal Court, informing Plaintiff that this matter has been removed to

22   federal court.  28 U.S.C. §§ 1446(a), (d).  The City will also promptly file with the Clerk of the

23   Superior Court of the State of Washington for the County of King, and serve on Plaintiff, a

24   Notice of Removal to Federal Court pursuant to 28 U.S.C. § 1446(d).  The City attaches as

25   **Exhibit B** to this Notice a copy of the notice to be filed in King County Superior Court (without

26   the notice's attachments).

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1

2

3        WHEREFORE, the City respectfully requests removal of this action from the Superior

4   Court of the State of Washington, County of King, to the United States District Court for the

5   Western District of Washington.

6

7        DATED this 8th day of July, 2025

8                                          K&L GATES LLP

9

10                                         By:  s/Ryan J. Groshong
                                                Ryan J. Groshong, WSBA # 44133
11

12                                         By:  s/Benjamin Moore
                                                Benjamin Moore, WSBA # 55526
13
                                           925 Fourth Avenue
14                                         Suite 2900
                                           Seattle, Washington  98104-1158
15                                         Tel: +1 206 623 7580
                                           Fax: +1 206 623 7022
16                                         Email: ryan.groshong@klgates.com
                                                  ben.moore@klgates.com
17

18                                         Attorneys for Defendant

19

20

21

22

23

24

25

26

DEFENDANT'S NOTICE OF REMOVAL
CASE NO. 2:25-CV-01274 - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 8, 2025, I caused the foregoing document to be served on the parties listed below in the manner indicated:

| *Pro Se* **Plaintiff** | |
| --- | --- |
| Michael Salvo | ☐ Via U.S. 1st Class Mail |
| 5027 SW Prince Street | ☐ Via Hand Delivery |
| Seattle, WA 98116 | ☐ Via Overnight Delivery |
| (808) 222-6699 | ☐ Via Facsimile |
| michael.salvo@outlook.com | ☒ Via Email |
| | ☐ E-Service |

DATED this 8th day of July, 2025

By:     *s/ Ryan Groshong*
Ryan Groshong

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# EXHIBIT A

**IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY, STATE OF WASHINGTON**

| | |
|---|---|
| **MICHAEL SALVO, an individual**,<br><br>Plaintiff,<br><br>vs.<br><br>**THE CITY OF SEATTLE, WASHINGTON**, a municipal corporation,<br><br>Defendant. | **COMPLAINT FOR FIRST AMENDMENT RETALIATION, AGE DISCRIMINATION UNDER ADEA AND WLAD, AND RETALIATION UNDER WLAD**<br><br>Case Number:<br><br>Judge: |

The above-captioned plaintiff, Michael Salvo (hereinafter, "**Plaintiff**"), proceeding in this matter pro se, hereby files this *Complaint Against the City of Seattle for Failure to Properly Intervene with the Seattle Police Department's Perpetration Against Defendant of First Amendment Retaliation, Age Discrimination under ADEA and WLAD, and Retaliation under WLAD* (hereinafter, this "**Complaint**") to complain against the above-captioned defendant, The City of Seattle, Washington (hereinafter, "**Defendant**"), for the causes of action alleged herein.

COMPLAINT FOR FIRSTAMENDMENT
RETALIATION,AGE DISCRIMINATION
UNDERADEA AND WLAD, AND
RETALIATION UNDER WLAD

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Stree
Seattle, Washington 9811
(808) 222-6699
michael.salvo@outlook.com

## INTRODUCTION

1.    This is a civil rights and tort action brought by Plaintiff against Defendant.

2.    This civil rights and discrimination action arises from a campaign of retaliation and discriminatory conduct undertaken by Defendant against Plaintiff, a 63-year-old law enforcement recruit and whistleblower who was removed from the BLEA following protected disclosures.

3.    Plaintiff reported serious safety violations, hostile treatment, and unlawful discrimination within BLEA, which was overseen and administered by Defendant through its law enforcement training infrastructure.

4.    As a direct result of Plaintiff's protected speech and opposition to unlawful practices, Defendant subjected him to exclusion him from BLEA without just cause, and BLEA denied him the certification necessary to work as a peace officer.

5.    These acts violated Plaintiff's First Amendment rights and constituted unlawful age discrimination and retaliation under the Age Discrimination in Employment Act (ADEA) and the Washington Law Against Discrimination (WLAD).

6.    Plaintiff seeks reinstatement of BLEA eligibility, attorney's fees, and all other relief available under state and federal law.42 U.S.C. § 1983 and relevant Washington state law, as is specifically provided in the Prayer for Relief section hereinbelow (the Prayer for Relief overrides the contents of this paragraph).

**COMPLAINT FOR FIRSTAMENDMENT RETALIATION,AGE DISCRIMINATION UNDERADEA AND WLAD, AND RETALIATION UNDER WLAD**

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Stree
Seattle, Washington 9811
(808) 222-6699
michael.salvo@outlook.com

## PARTIES

7.     Plaintiff is a resident of King County, Washington, and at all times relevant, was a recruit in BLEA, sponsored by the Seattle Police Department.

8.     Defendant is a municipal corporation organized under the laws of the State of Washington, responsible for the employment, training, and certification of law enforcement personnel, as well as for overseeing BLEA administration through its authorized agents and departments.

## JURISDICTION AND VENUE

9.     This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

10.     The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

11.     The venue is proper in this District under 28 U.S.C. § 1391(b), as all events giving rise to these claims occurred within King County, Washington.

## STATEMENT OF FACTS

12.     Plaintiff was enrolled in BLEA in 2019, a program under the operational authority of Defendant for the certification of law enforcement officers.

**COMPLAINT FOR FIRST AMENDMENT RETALIATION, AGE DISCRIMINATION UNDER ADEA AND WLAD, AND RETALIATION UNDER WLAD**

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Stree
Seattle, Washington 9811
(808) 222-6699
michael.salvo@outlook.com

13.    Throughout training, Plaintiff made formal and informal reports of age-based discrimination, safety violations, and misconduct by two TAC officers and a few recruits. These reports were submitted to BLEA Executive Director, Sue Rahr.

14.    After making protected disclosures, Plaintiff suffered aggressive retaliation on the part of BLEA—an unconscionable harm recurrently and egregiously perpetrated against copious BLEA's cadets and employees who report misconduct.

15.    Plaintiff's protected whistle blowing was undermined by the gross retaliatory measures perpetrated against Plaintiff by BLEA and, by extension, Defendant.

16.    Plaintiff was 63 years old at the time. Younger cadets engaged in more severe conduct—including physical threats—were excused and retained in the program, evidencing disparate treatment.

17.    TAC Officer Bennett justified the younger cadet's misconduct by stating it was normal for "someone in his twenties" while labeling Plaintiff's protected activity as "paranoia" without evidence.

18.    Plaintiff was then dismissed from BLEA and denied certification, effectively terminating his ability to serve as a law enforcement officer with the SPD.

19.    These retaliatory and discriminatory actions have caused Plaintiff lasting reputational, economic, and emotional harm, depriving him of due process and equal protection under the law.

**COMPLAINT FOR FIRSTAMENDMENT RETALIATION,AGE DISCRIMINATION UNDERADEA AND WLAD, AND RETALIATION UNDER WLAD**

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Stree
Seattle, Washington 9811
(808) 222-6699
michael.salvo@outlook.com

**FIRST CAUSE OF ACTION**
*(Retaliation in Violation of the First Amendment)*

20.    Plaintiff realleges and incorporates the foregoing as if fully set forth herein.

21.    Plaintiff's made numerous reports to BLEA officials, addressing unsafe training practices, potential civil rights violations, and discrimination, all of which implicated public accountability and safety.

22.    These reports were submitted in Plaintiff's personal capacity, not as part of any official duties, and thus constituted private speech concerning matters of public interest.

23.    Rather than being protected or investigated, Plaintiff's disclosures were used as a basis to initiate retaliatory measures.

24.    These actions, taken shortly after his reports and resulting in permanent exclusion from BLEA, demonstrate that Defendant responded adversely and with hostility to Plaintiff's protected speech.

25.    By responding in this way, Defendant violated Plaintiff's First Amendment rights.

**SECOND CAUSE OF ACTION**
*(Age Discrimination Under ADEA and WLAD)*

26.    Plaintiff realleges and incorporates the foregoing as if fully set forth herein.

27.    Plaintiff, age 63, was repeatedly treated less favorably than younger cadets at BLEA.

**COMPLAINT FOR FIRSTAMENDMENT RETALIATION,AGE DISCRIMINATION UNDERADEA AND WLAD, AND RETALIATION UNDER WLAD**

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Stree
Seattle, Washington 9811
(808) 222-6699
michael.salvo@outlook.com

28.    Plaintiff was the sole person suspended and put in isolation. Plaintiff was essentially entrapped in a gag order. Plaintiff was disallowed to speak to anyone at the academy. Everyone else had the liberty to speak freely.

29.    In one incident, a younger cadet who physically threatened Plaintiff was excused and retained in the program, with supervisors describing his conduct as typical for someone in their twenties.

30.    These discrepancies in evaluation and tolerance for behavior demonstrate that age-based assumptions motivated the disparate treatment.

31.    As a result of these biases, Plaintiff was removed from BLEA, denied certification, and deprived of a professional opportunity afforded to younger cadets.

### THIRD CAUSE OF ACTION
*(Retaliation Under WLAD)*

32.    Plaintiff realleges and incorporates the foregoing as if fully set forth herein.

33.    Plaintiff engaged in protected opposition when he reported discriminatory and unsafe practices to BLEA leadership.

34.    BLEA's internal communications reveal that Plaintiff's opposition was directly linked to his removal, as decision-making authority was reassigned and procedures were bypassed following his reports.

**COMPLAINT FOR FIRSTAMENDMENT
RETALIATION,AGE DISCRIMINATION
UNDERADEA AND WLAD, AND
RETALIATION UNDER WLAD**

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Stree
Seattle, Washington 9811
(808) 222-6699
michael.salvo@outlook.com

35.    The referral process was not used against other cadets and was initiated in Plaintiff's case without evidence or behavioral incidents, underscoring the retaliatory nature of the response.

36.    These acts by BLEA and Defendant were intended to chill further opposition and discourage Plaintiff and others from reporting internal misconduct.

37.    The adverse actions taken against Plaintiff were causally connected to his protected opposition under WLAD and were undertaken in direct retaliation for his protected conduct.

38.    As a result, Plaintiff suffered loss of career opportunity, reputational harm, and emotional distress caused by a retaliatory culture unwilling to tolerate lawful opposition to discrimination.

## RESERVATION OF RIGHTS

39.    Plaintiff reserves the right to amend this Complaint as he determines should be done.

40.    Plaintiff reserves the right to name any additional defendants if and once they become known to him.

41.    Plaintiff reserves the right to litigate against the harms co-conspirators have inflicted upon him, whether the separate but related causes of action are filed in The Court of Appeals, Federal Court, Superior Court, etc.

COMPLAINT FOR FIRSTAMENDMENT
RETALIATION,AGE DISCRIMINATION
UNDERADEA AND WLAD, AND
RETALIATION UNDER WLAD

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Stre
Seattle, Washington 9811
(808) 222-6699
michael.salvo@outlook.com

1
2
3
4
5
6

**PRAYER FOR RELIEF**

WHEREFORE, pursuant to the foregoing facts established, the application of law thereupon, and the resulting legal conclusions reached, Plaintiff hereby respectfully prays for relief in the following form:

**A. Declaratory Relief:** A judicial declaration that Plaintiff's termination violated RCW 42.41 (WA Whistleblower Act) and public policy.

**B. Injunctive Relief:**

   i.   Reinstate Plaintiff to his former position within the police academy, restoring him fully in his former position, with seniority number #8756.

   ii.  Expunge, dispose of, invalidate, etc., all the retaliatory records (including their baseless, defamatory, and obfuscated memoranda, letters, and other content) related to Plaintiff's lawful whistleblowing.

   iii. Have SPD Chief and the City provide a sincere written apology to Plaintiff, with said apology being placed in Plaintiff's personnel file.

**COMPLAINT FOR FIRSTAMENDMENT RETALIATION,AGE DISCRIMINATION UNDERADEA AND WLAD, AND RETALIATION UNDER WLAD**

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Street
Seattle, Washington 9811
(808) 222-6699
michael.salvo@outlook.com

iv.   Have SPD formally request WSCJTC re-enrollment for Plaintiff and cooperate in good faith with CJTC processes.

v.    Attorney fees and costs (RCW 42.41.005).

**C.**  Award Plaintiff any other, further, and different relief as the Court deems proper, just, and equitable under the circumstances of this matter.

DATED June 2, 2025.

/s/ Michael Salvo
Michael Salvo,
*Plaintiff Pro Se*

**COMPLAINT FOR FIRSTAMENDMENT
RETALIATION,AGE DISCRIMINATION
UNDERADEA AND WLAD, AND
RETALIATION UNDER WLAD**

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Stree
Seattle, Washington 9811
(808) 222-6699
michael.salvo@outlook.com

# EXHIBIT B

1
2                                                    The Honorable Jason Poydras
3                                                    Trial Date: June 8, 2026
4
5
6
7            IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
8                  IN AND FOR THE COUNTY OF KING

9    MICHAEL SALVO, an individual,
                                                No. 25-2-16727-5 SEA
10                              Plaintiff,
                                                DEFENDANT CITY OF SEATTLE'S
11      v.                                      NOTICE TO STATE COURT CLERK OF
                                                REMOVAL TO FEDERAL COURT
12   THE CITY OF SEATTLE, WASHINGTON, a
     municipal corporation
13
                                Defendant.
14

15        TO:          Clerk of the Court;

16        AND TO:      Michael Salvo, Plaintiff:

17        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(d), Defendant City of

18   Seattle removed this matter to the United States District Court for the Western District of

19   Washington on July 8, 2025.  A true and correct copy of the Notice of Removal to Federal Court

20   is attached to this Notice.

21        PLEASE TAKE FURTHER NOTICE that, under 28 U.S.C. §§ 1446(a) and 1446(d), the

22   filing of the Notice of Removal to Federal Court in the United States District Court for the

23   Western District of Washington, together with the filing of a copy of the Notice of Removal to

24   Federal Court in this Court, results in the removal of this action, and this Court may not proceed

25   further with the action unless and until the action is remanded.

26

DEFENDANT CITY OF SEATTLE'S NOTICE
TO STATE COURT CLERK OF
REMOVAL TO FEDERAL COURT - 1

                                    **K&L GATES LLP**
                                    925 FOURTH AVENUE
                                    SUITE 2900
                                    SEATTLE, WASHINGTON  98104-1158
                                    TELEPHONE: +1 206 623 7580
                                    FACSIMILE: +1 206 623 7022

1    DATED this 8th day of July, 2025.

2                                          K&L GATES LLP

3

4                                          By:  *s/ Ryan J. Groshong*

5                                                Ryan J. Groshong, WSBA # 44133
                                            925 Fourth Avenue
6                                           Suite 2900
                                            Seattle, Washington  98104-1158
7                                           Tel: +1 206 623 7580
                                            Fax: +1 206 623 7022
8                                           Email: ryan.groshong@klgates.com

9                                           Attorneys for Defendant City of Seattle

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S NOTICE TO STATE COURT CLERK OF
REMOVAL TO FEDERAL COURT - 2

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2025, I caused the foregoing document to be served on the

parties listed below in the manner indicated:

| | |
|---|---|
| ***Pro Se* Plaintiff**<br>Michael Salvo<br>5027 SW Prince Street<br>Seattle, WA 98116<br>(808) 222-6699<br>michael.salvo@outlook.com | ☐ Via U.S. 1st Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Delivery<br>☐ Via Facsimile<br>☒ Via Email<br>☒ E-Service |

DATED this 8ᵗʰ day of July, 2025.

By:    *s/ Ryan Groshong*
        Ryan Groshong

DEFENDANT'S NOTICE TO STATE COURT CLERK OF
REMOVAL TO FEDERAL COURT - 3

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**