# EXHIBIT A

**IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY, STATE OF WASHINGTON**

| | |
|---|---|
| **MICHAEL SALVO, an individual**, <br><br> Plaintiff, <br><br> vs. <br><br> **THE CITY OF SEATTLE, WASHINGTON**, a municipal corporation, <br><br> Defendant. | COMPLAINT FOR FIRST AMENDMENT RETALIATION, AGE DISCRIMINATION UNDER ADEA AND WLAD, AND RETALIATION UNDER WLAD <br><br> Case Number: <br><br> Judge: |

The above-captioned plaintiff, Michael Salvo (hereinafter, "**Plaintiff**"), proceeding in this matter pro se, hereby files this *Complaint Against the City of Seattle for Failure to Properly Intervene with the Seattle Police Department's Perpetration Against Defendant of First Amendment Retaliation, Age Discrimination under ADEA and WLAD, and Retaliation under WLAD* (hereinafter, this "**Complaint**") to complain against the above-captioned defendant, The City of Seattle, Washington (hereinafter, "**Defendant**"), for the causes of action alleged herein.

| | |
|---|---|
| **COMPLAINT FOR FIRSTAMENDMENT RETALIATION,AGE DISCRIMINATION UNDERADEA AND WLAD, AND RETALIATION UNDER WLAD** | **Michael Salvo** <br> *Plaintiff Pro Se* <br> 5027 SW Prince Street <br> Seattle, Washington 98116 <br> (808) 222-6699 <br> michael.salvo@outlook.com |

# INTRODUCTION

1. This is a civil rights and tort action brought by Plaintiff against Defendant.

2. This civil rights and discrimination action arises from a campaign of retaliation and discriminatory conduct undertaken by Defendant against Plaintiff, a 63-year-old law enforcement recruit and whistleblower who was removed from the BLEA following protected disclosures.

3. Plaintiff reported serious safety violations, hostile treatment, and unlawful discrimination within BLEA, which was overseen and administered by Defendant through its law enforcement training infrastructure.

4. As a direct result of Plaintiff's protected speech and opposition to unlawful practices, Defendant subjected him to exclusion him from BLEA without just cause, and BLEA denied him the certification necessary to work as a peace officer.

5. These acts violated Plaintiff's First Amendment rights and constituted unlawful age discrimination and retaliation under the Age Discrimination in Employment Act (ADEA) and the Washington Law Against Discrimination (WLAD).

6. Plaintiff seeks reinstatement of BLEA eligibility, attorney's fees, and all other relief available under state and federal law.42 U.S.C. § 1983 and relevant Washington state law, as is specifically provided in the Prayer for Relief section hereinbelow (the Prayer for Relief overrides the contents of this paragraph).

**COMPLAINT FOR FIRSTAMENDMENT RETALIATION,AGE DISCRIMINATION UNDERADEA AND WLAD, AND RETALIATION UNDER WLAD**

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Street
Seattle, Washington 9811
(808) 222-6699
michael.salvo@outlook.com

## PARTIES

7. Plaintiff is a resident of King County, Washington, and at all times relevant, was a recruit in BLEA, sponsored by the Seattle Police Department.

8. Defendant is a municipal corporation organized under the laws of the State of Washington, responsible for the employment, training, and certification of law enforcement personnel, as well as for overseeing BLEA administration through its authorized agents and departments.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

10. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

11. The venue is proper in this District under 28 U.S.C. § 1391(b), as all events giving rise to these claims occurred within King County, Washington.

## STATEMENT OF FACTS

12. Plaintiff was enrolled in BLEA in 2019, a program under the operational authority of Defendant for the certification of law enforcement officers.

COMPLAINT FOR FIRSTAMENDMENT RETALIATION, AGE DISCRIMINATION UNDER ADEA AND WLAD, AND RETALIATION UNDER WLAD

Michael Salvo
*Plaintiff Pro Se*
5027 SW Prince Street
Seattle, Washington 9811
(808) 222-6699
michael.salvo@outlook.com

13. Throughout training, Plaintiff made formal and informal reports of age-based discrimination, safety violations, and misconduct by two TAC officers and a few recruits. These reports were submitted to BLEA Executive Director, Sue Rahr.

14. After making protected disclosures, Plaintiff suffered aggressive retaliation on the part of BLEA—an unconscionable harm recurrently and egregiously perpetrated against copious BLEA's cadets and employees who report misconduct.

15. Plaintiff's protected whistle blowing was undermined by the gross retaliatory measures perpetrated against Plaintiff by BLEA and, by extension, Defendant.

16. Plaintiff was 63 years old at the time. Younger cadets engaged in more severe conduct—including physical threats—were excused and retained in the program, evidencing disparate treatment.

17. TAC Officer Bennett justified the younger cadet's misconduct by stating it was normal for "someone in his twenties" while labeling Plaintiff's protected activity as "paranoia" without evidence.

18. Plaintiff was then dismissed from BLEA and denied certification, effectively terminating his ability to serve as a law enforcement officer with the SPD.

19. These retaliatory and discriminatory actions have caused Plaintiff lasting reputational, economic, and emotional harm, depriving him of due process and equal protection under the law.

| | |
|---|---|
| **COMPLAINT FOR FIRSTAMENDMENT RETALIATION,AGE DISCRIMINATION UNDERADEA AND WLAD, AND RETALIATION UNDER WLAD** | **Michael Salvo**<br>*Plaintiff Pro Se*<br>5027 SW Prince Street<br>Seattle, Washington 9811<br>(808) 222-6699<br>michael.salvo@outlook.com |

**FIRST CAUSE OF ACTION**
*(Retaliation in Violation of the First Amendment)*

20. Plaintiff realleges and incorporates the foregoing as if fully set forth herein.

21. Plaintiff's made numerous reports to BLEA officials, addressing unsafe training practices, potential civil rights violations, and discrimination, all of which implicated public accountability and safety.

22. These reports were submitted in Plaintiff's personal capacity, not as part of any official duties, and thus constituted private speech concerning matters of public interest.

23. Rather than being protected or investigated, Plaintiff's disclosures were used as a basis to initiate retaliatory measures.

24. These actions, taken shortly after his reports and resulting in permanent exclusion from BLEA, demonstrate that Defendant responded adversely and with hostility to Plaintiff's protected speech.

25. By responding in this way, Defendant violated Plaintiff's First Amendment rights.

**SECOND CAUSE OF ACTION**
(*Age Discrimination Under ADEA and WLAD*)

26. Plaintiff realleges and incorporates the foregoing as if fully set forth herein.

27. Plaintiff, age 63, was repeatedly treated less favorably than younger cadets at BLEA.

**COMPLAINT FOR FIRSTAMENDMENT RETALIATION,AGE DISCRIMINATION UNDERADEA AND WLAD, AND RETALIATION UNDER WLAD**

Michael Salvo
*Plaintiff Pro Se*
5027 SW Prince Stre[et]
Seattle, Washington 9811[ ]
(808) 222-6699
michael.salvo@outlook.com

28. Plaintiff was the sole person suspended and put in isolation. Plaintiff was essentially entrapped in a gag order. Plaintiff was disallowed to speak to anyone at the academy. Everyone else had the liberty to speak freely.

29. In one incident, a younger cadet who physically threatened Plaintiff was excused and retained in the program, with supervisors describing his conduct as typical for someone in their twenties.

30. These discrepancies in evaluation and tolerance for behavior demonstrate that age-based assumptions motivated the disparate treatment.

31. As a result of these biases, Plaintiff was removed from BLEA, denied certification, and deprived of a professional opportunity afforded to younger cadets.

### THIRD CAUSE OF ACTION
*(Retaliation Under WLAD)*

32. Plaintiff realleges and incorporates the foregoing as if fully set forth herein.

33. Plaintiff engaged in protected opposition when he reported discriminatory and unsafe practices to BLEA leadership.

34. BLEA's internal communications reveal that Plaintiff's opposition was directly linked to his removal, as decision-making authority was reassigned and procedures were bypassed following his reports.

**COMPLAINT FOR FIRSTAMENDMENT RETALIATION,AGE DISCRIMINATION UNDERADEA AND WLAD, AND RETALIATION UNDER WLAD**

Michael Salvo
*Plaintiff Pro Se*
5027 SW Prince Stre[et]
Seattle, Washington 9811[ ]
(808) 222-6699
michael.salvo@outlook.com

35. The referral process was not used against other cadets and was initiated in Plaintiff's case without evidence or behavioral incidents, underscoring the retaliatory nature of the response.

36. These acts by BLEA and Defendant were intended to chill further opposition and discourage Plaintiff and others from reporting internal misconduct.

37. The adverse actions taken against Plaintiff were causally connected to his protected opposition under WLAD and were undertaken in direct retaliation for his protected conduct.

38. As a result, Plaintiff suffered loss of career opportunity, reputational harm, and emotional distress caused by a retaliatory culture unwilling to tolerate lawful opposition to discrimination.

## RESERVATION OF RIGHTS

39. Plaintiff reserves the right to amend this Complaint as he determines should be done.

40. Plaintiff reserves the right to name any additional defendants if and once they become known to him.

41. Plaintiff reserves the right to litigate against the harms co-conspirators have inflicted upon him, whether the separate but related causes of action are filed in The Court of Appeals, Federal Court, Superior Court, etc.

| COMPLAINT FOR FIRSTAMENDMENT RETALIATION, AGE DISCRIMINATION UNDER ADEA AND WLAD, AND RETALIATION UNDER WLAD | Michael Salvo<br>*Plaintiff Pro Se*<br>5027 SW Prince Street<br>Seattle, Washington 9811<br>(808) 222-6699<br>michael.salvo@outlook.com |
|---|---|

## PRAYER FOR RELIEF

WHEREFORE, pursuant to the foregoing facts established, the application of law thereupon, and the resulting legal conclusions reached, Plaintiff hereby respectfully prays for relief in the following form:

A. **Declaratory Relief:** A judicial declaration that Plaintiff's termination violated RCW 42.41 (WA Whistleblower Act) and public policy.

B. **Injunctive Relief:**

    i. Reinstate Plaintiff to his former position within the police academy, restoring him fully in his former position, with seniority number #8756.

    ii. Expunge, dispose of, invalidate, etc., all the retaliatory records (including their baseless, defamatory, and obfuscated memoranda, letters, and other content) related to Plaintiff's lawful whistleblowing.

    iii. Have SPD Chief and the City provide a sincere written apology to Plaintiff, with said apology being placed in Plaintiff's personnel file.

COMPLAINT FOR FIRSTAMENDMENT RETALIATION,AGE DISCRIMINATION UNDERADEA AND WLAD, AND RETALIATION UNDER WLAD

Michael Salvo
*Plaintiff Pro Se*
5027 SW Prince Stre[et]
Seattle, Washington 9811[ ]
(808) 222-6699
michael.salvo@outlook.com

  iv. Have SPD formally request WSCJTC re-enrollment for Plaintiff and cooperate in good faith with CJTC processes.

  v. Attorney fees and costs (RCW 42.41.005).

**C.** Award Plaintiff any other, further, and different relief as the Court deems proper, just, and equitable under the circumstances of this matter.

DATED June 2, 2025.

          /s/ Michael Salvo
          Michael Salvo,
          *Plaintiff Pro Se*

---

**COMPLAINT FOR FIRSTAMENDMENT RETALIATION,AGE DISCRIMINATION UNDERADEA AND WLAD, AND RETALIATION UNDER WLAD**

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Stre[et]
Seattle, Washington 9811[ ]
(808) 222-6699
michael.salvo@outlook.com