FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUL 29 2025          RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE WESTERN DISTRICT OF WASHINGTON STATE

| | |
|---|---|
| MICHAEL SALVO, an individual, | |
| Plaintiff, | Case Number: 2:25-CV-01274 |
| vs. | **MOTION FOR EXTENSION OF TIME** |
| THE CITY OF SEATTLE, WASHINGTON, a municipal corporation, | **NOTE ON MOTION CALENDAR: August 8, 2025** |
| Defendant. | |

The above-captioned plaintiff, **Michael Salvo** (hereinafter, "**Plaintiff**"), proceeding in this matter *pro se*, hereby files this *Motion for Extension of Time* (hereinafter, this "**Motion**") against the above-captioned defendant, **The City of Seattle, Washington** (hereinafter, "**Defendant**"), to respectfully move this Court—pursuant to Fed. R. Civ. P. 6(b)(1)(A) and the Western District of Washington's Local Civil Rule (hereinafter, "**LCR**") 7(j)—for an extension of **sixty (60)** days to respond to Defendant's *Defendant City of Seattle's Motion to Dismiss* (hereinafter, the "**MTD**"), with said response being presently due August 4, 2025, thereby extending the deadline to October 3, 2025, and in support of this Motion, Plaintiff hereby states and argues, as follows:

**MOTION FOR EXTENSION OF TIME**
Case Number: 2:25-CV-01274

Page 1 of 6

Michael Salvo
*Plaintiff Pro Se*
5027 SW Prince Street
Seattle, Washington 98116
(808) 222-6699
michael.salvo@outlook.com

## I. CURRENT RESPONSE DEADLINE

1. Defendant filed its MTD on July 15, 2025.

2. Therefore, pursuant to LCR 7(d)(3), Plaintiff's response is currently due on August 4, 2025.

## II. STATEMENT OF FACTS

3. Plaintiff filed his complaint (hereinafter, the "**Complaint**") against Defendant on June 4, 2024, alleging violations of the Age Discrimination in Employment Act (ADEA) and civil rights under 42 U.S.C. § 1983 related to retaliation and age discrimination while attending the Washington State Criminal Justice Training Commission (WSCJTC).

4. Defendant's MTD filed on July 15, 2025, challenges the Complaint on grounds of untimeliness, jurisdictional defects, and claims that the City of Seattle is not legally responsible for actions and decisions made by WSCJTC, citing detailed statutory provisions and case law.

## III. ARGUMENT

5. Pursuant to Fed. R. Civ. P. 6(b)(1)(A), courts have discretion to extend deadlines "for good cause." Plaintiff demonstrates ample good cause here, given his *pro se* status, complexity of Defendant's MTD, concurrent litigation responsibilities, and substantial personal hardships.

6. Defendant's MTD presents intricate legal issues requiring extensive and detailed legal analysis, some of which include the following:

   a. Defendant argues that Plaintiff's ADEA and § 1983 claims are barred by applicable statutes of limitations, necessitating Plaintiff to perform

**MOTION FOR EXTENSION OF TIME**
Case Number: 2:25-CV-01274

Page **2** of **6**

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Street
Seattle, Washington 98116
(808) 222-6699
michael.salvo@outlook.com

comprehensive research into doctrines of equitable tolling, continuous violation theories, and appropriate commencement dates for limitation periods.

b. Defendant's assertion that Plaintiff's claims fall outside actionable dates demands that Plaintiff undertake meticulous factual verification and complex statutory interpretation to counter these assertions appropriately.

c. Defendant claims no responsibility for decisions made by the WSCJTC, requiring Plaintiff to rigorously analyze and articulate the relationship and potential liability nexus between the City of Seattle and WSCJTC under federal and state statutory frameworks and established common-law principles.

7. As to Defendant's assertions described in subparagraph (a) hereinabove, addressing these issues requires extensive legal research into the nuanced doctrines of equitable tolling, continuous violation theories, and determining precise accrual dates—tasks that are overwhelmingly daunting for a *pro se* litigant to undertake.

8. As to Defendant's assertions described in subparagraph (b) hereinabove, responding to said assertions demands meticulous procurement and analysis of complex evidence, and subsequently applying the appropriate legal standards to it, tasks complex to complete by Plaintiff as a *pro se* litigant.

9. As to Defendant's assertions described in subparagraph (c) hereinabove, responding effectively to said assertions demands rigorous exploration to persuasively establish liability, including applying the required legal standards and common law principles, tasks that pose an extraordinary challenge for a *pro se* litigant who is at a steep disadvantage when

**MOTION FOR EXTENSION OF TIME**
Case Number: 2:25-CV-01274

Page **3** of **6**

Michael Salvo
*Plaintiff Pro Se*
5027 SW Prince Street
Seattle, Washington 98116
(808) 222-6699
michael.salvo@outlook.com

compared to Defendant's seasoned counsel of record and said counsel's legal resources, training, understanding, and experience.

10. Indeed, as a *pro se* litigant, Plaintiff faces immense inherent limitations in legal resources, expertise, and time compared to Defendant's experienced counsel.

11. Considering these issues, it is pertinent to establish that courts consistently grant *pro se* litigants reasonable accommodations to ensure their equitable participation in the legal issues of their matters, thereby allowing the Court to make a fair adjudication.[1]

12. Furthermore, Plaintiff is simultaneously tasked with drafting other extensive and highly complex court documents for two different courts outside of this federal district Court, one of which is due on August 2, 2025, in the Superior Court of Washington—which August 2 document is of extreme pivotal importance to Plaintiff's case and, thus, requires a tremendous effort and time investment to complete—with the second document being for the Appellate Court of the State of Washington, the document standards of which are incredibly steep, nuanced, and demanding, such that they require tremendous efforts from Plaintiff in order to complete the necessary document.

13. These simultaneous obligations severely complicate Plaintiff's already constrained resources.

14. Considering the tremendous disadvantages burdening Plaintiff, it is of great importance to establish that federal courts routinely acknowledge the need for extensions when

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also, Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**MOTION FOR EXTENSION OF TIME**
Case Number: 2:25-CV-01274

Page **4** of **6**

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Street
Seattle, Washington 98116
(808) 222-6699
michael.salvo@outlook.com

*pro se* litigants face overlapping demands and limited resources, particularly in complex civil rights litigation issues, such as the matter at hand.

15. In applying these principles to the matter at hand, it is evident that the intricate legal questions posed by Defendant's MTD, compunded with Plaintiff's inherent and extremely significant disadvantages, establish conclusively that Plaintiff's ability to prepare a sufficiently detailed and competent response within the current deadline is practically impossible and wholly outside of his ability to do, thus justifying an extension.

16. Given Plaintiff's *pro se* status, concurrent legal obligations, and the complex nature of the arguments presented by Defendant, reason compels the strong and indubitable conclusion that failing to grant this Motion and award Plaintiff with his respectfully requested extension would severely prejudice Plaintiff's ability to effectively pursue justice in this matter for issues that are of extreme personal importance to him—as Plaintiff feels utterly violated by Defendant's actions against him (as detailed in the Complaint) and desperately seeks highly-warranted redress—thus necessitating an extension of time to respond to Defendant's MTD, to safeguard his rights to judicial fairness and due process.

### IV.    NO PREJUDICE TO DEFENDANT

17. This is Plaintiff's first request for an extension of time to respond to Defendant's MTD.

18. Granting the requested **sixty-day (60)** extension poses no prejudice to Defendant.

19. Instead, the extension would best serve the interests of justice by allowing Plaintiff sufficient opportunity to fully address the complex legal arguments raised by Defendant in their lengthy MTD.

---

**MOTION FOR EXTENSION OF TIME**
Case Number: 2:25-CV-01274

Page **5** of **6**

**Michael Salvo**
*Plaintiff Pro Se*
5027 SW Prince Street
Seattle, Washington 98116
(808) 222-6699
michael.salvo@outlook.com

## V. REQUESTED RELIEF

WHEREFORE, pursuant to the foregoing, Plaintiff hereby respectfully requests that this Honorable Court extend the deadline for Plaintiff's response to Defendant's MTD by **sixty (60) days**, moving the new deadline to October 3, 2025, and to grant Plaintiff any further, other, and different relief as the Court deems proper, just, and equitable under the circumstances of this **matter.**

DATED July 29, 2025,

/s/ Michael Salvo
Michael Salvo,
*Plaintiff Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2025, I caused to be served, via the Court's electronic filing system, a true and correct copy of the foregoing upon Defendant's counsel of record, **Ryan J. Groshong.**

/s/ Michael Salvo

---

**MOTION FOR EXTENSION OF TIME**
Case Number: 2:25-CV-01274

Page **6** of **6**

Michael Salvo
*Plaintiff Pro Se*
5027 SW Prince Street
Seattle, Washington 98116
(808) 222-6699
michael.salvo@outlook.com